IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANGELO YOSHANNAH SCRIGNA,**            No. 3:16-cv-00464-MO
**R.A. SCRIGNA,** and **JENNIFER NOELLE**         OPINION AND ORDER
**HUGHES,**

      Plaintiffs,

    v.

**ROBERT E. PEARSON LAW OFFICES,**
**ROBERT E. PEARSON, ESQ., DANIEL**
**MARGOLIN,** and **LAW OFFICES OF**
**STEPHEN S. MARGOLIN LLP,**

      Defendants.

**MOSMAN, J.**,

      Pro se Plaintiffs filed a Complaint [2] alleging Legal malpractice, ethics violations, and alienation of affection. Plaintiffs' filed an Application for Leave to Proceed IFP [1] and a Motion for Appointment of Counsel [3]. For the following reasons, I GRANT the Motion to Proceed IFP [1], DENY the Motion for Appointment of Counsel [3] and DISMISS the case for lack of subject matter jurisdiction.

1 – OPINION AND ORDER

## DISCUSSION

1. Application for Leave to Proceed IFP

All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding. . .without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

Because the information provided in Plaintiff's affidavit reflects an inability to pay the fee to pursue this action, Plaintiff's Application for Leave to Proceed IFP [1] pursuant to 28 U.S.C. § 1915(a) is GRANTED.

2. Lack of Subject Matter Jurisdiction

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a). The court may dismiss the action *sua sponte* where the court lacks subject matter jurisdiction. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1342 1341 (9th Cir. 1981) (citing *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974)). Moreover, where the court lacks subject matter jurisdiction, it is "not required to issue a summons or follow the other procedural steps." *Loux v. Rhay*, 375 F.2d 55, 58 (9th Cir. 1967).

2 – OPINION AND ORDER

Plaintiffs have not alleged a cause of action under federal law and instead bring claims for state law violations. Thus, there is no federal question jurisdiction. Furthermore, because at least one plaintiff and at least one defendant are citizens of Oregon, this court does not have diversity jurisdiction. *See Majestic Ins. Co. v. Allianz Int'l Ins. Co.*, 133 F. Supp. 2d 1218, 1220 (N.D. Cal. 2001) ("In order for the parties to fulfill this requirement there must be complete diversity. That is, no plaintiff can be a citizen of the same state as any of the defendants.") (internal quotation marks omitted). This court lacks subject matter jurisdiction.

## CONCLUSION

Plaintiffs' Application For Leave to Proceed IFP [1] is GRANTED. Plaintiffs' complaint is DISMISSED due to lack of subject matter jurisdiction. Plaintiffs' motion for appointment of counsel [3] is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this   5th   day of April, 2016.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge